### STATE

v.

### Idalio Fernandes SANTOS.

No. 91–224–C.A..

Supreme Court of Rhode Island.

March 13, 1992.

James E. O'Neil, Atty. Gen., George J. Lazieh, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

William C. Dimitri, Providence, for defendant.

## OPINION

PER CURIAM.

The defendant has appealed from a judgment entered in the Superior Court convicting him of the crime of first-degree sexual assault. The victim, to whom we shall refer as Elaine (a pseudonym), testified that she had been hitchhiking when she was picked up by the defendant in Olneyville. The defendant took her to his home on the assurance that he would sell her a bag of marijuana. When she entered the defendant's home, he forced her to the floor and demanded that she perform oral sex upon him. When the victim declined to remove her clothing, the defendant cut her face with a knife. When she hesitated in removing her jean pants, the defendant began cutting at the zipper. Thereafter defendant forced himself upon the victim.

In support of his appeal defendant raises two issues. The first issue is the admissibility of the victim's jeans, which were offered in evidence. The second issue relates to the propriety of retaining a juror on the panel assembled to try defendant's case. At the voir dire examination the juror allegedly indicated that he was a retired pharmacist who had formerly been employed at the Adult Correctional Institutions. The defendant claims that in fact he was still employed as a pharmacist at the Adult Correctional Institution.

In respect to the first issue we have examined the record and find that there was ample evidence to establish the admissibility of the jeans. The victim identified the jeans as those that she wore on the night of the assault. A detective at the Providence police department testified that he had placed the jeans in the property room at the Providence police station and that they were in the same condition as they were when he received them. Consequently defendant's argument that the jeans were inadmissible has no merit. *See State v. Cohen*, 538 A.2d 151 (R.I.1988).

The defendant's suggestion that the juror had misrepresented the status of his employment is rebutted by an examination of the transcript of the voir dire hearing. The juror stated at that time that he was currently employed as a pharmacist at the Adult Correctional Institutions. Thus defendant cannot prevail on this issue.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.